| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:04-CR-60 |
| | § | |
| TEXAS LIFE INSURANCE COMPANY, | § | |
| Garnishee-Defendant, and ROBERT L. | § | |
| McDORMAN, Judgment-Defendant | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Garnishee-Defendant Texas Life Insurance Company's ("Texas Life") Original Answer, wherein Texas Life seeks to recover attorney's fees incurred in connection with the instant garnishment proceeding. Having reviewed Texas Life's request, the parties' submissions, and the applicable law, the court is of the opinion that Texas Life is not entitled to collect attorney's fees.

On April 21, 2004, Robert L. McDorman ("McDorman") pleaded guilty to a one-count information charging him with defrauding SouthTrust Bank in violation of 18 U.S.C. § 1344. On August 20, 2004, the court sentenced McDorman to thirty-three months' imprisonment followed by five years of supervised release. McDorman was also ordered to pay restitution in the amount of $3,724,256.21.

On January 13, 2011, the Government applied for a Writ of Continuing Garnishment (the "Writ") upon the judgment entered against McDorman pursuant to the garnishment provision of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205. At that time, the Government contended that a balance of $3,354,340.56 remained outstanding. The court granted the application and the district clerk issued the Writ on January 14, 2011. On February 18, 2011, Texas Life filed its Original Answer to the Writ, stating that it has no property belonging to

McDorman except for (1) Texas Life Insurance Policy No. 000787678, which has a net cash value of $9,300.60, and (2) Term Life Insurance Policy No. 000834512, which has no cash value. In its Original Answer, Texas Life states that it has retained legal representation in connection with this garnishment proceeding and requests an award of $500.00 for attorney's fees. Texas Life seeks additional attorney's fees at the rate of $220.00 per hour in the event that another party disputes its Original Answer. On February 24, 2011, the Government filed an objection to Texas Life's answer, contending that the FDCPA contains no provision authorizing a garnishee-defendant to recover attorney's fees.

"The United States is authorized to enforce any restitution order imposed as part of a criminal sentence by using its powers under the FDCPA." *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010) (citing 18 U.S.C. § 3664(m)(1)(A); 18 U.S.C. § 3613(a), (f)); *see United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002), *cert. denied*, 303 F.3d 548 (2003). Section 3205 of the FDCPA sets forth the procedures utilized in such garnishment proceedings. *United States v. Stone*, No. 3:07-CV-1632, Doc. 69, slip op. at 3 (N.D. Tex. Mar. 3, 2008). That section also "specifically provides that the Court may award attorney's fees to [the Government] if a garnishee fails to comply with the writ of garnishment." *Stone*, No. 3:07-CV-1632, Doc. 69, slip op. at 3 (citing 28 U.S.C. § 3205(c)(6)); *United States v. Swopes*, 492 F. Supp. 2d 651, 655 (W.D. Tex. 2006). "[T]he statute provides no basis for the Court to award attorney's fees or other costs to a third-party garnishee." *Swopes*, 492 F. Supp. 2d at 655; *see also Stone*, No. 3:07-CV1632, Doc. 69, slip op. at 3.

Moreover, the United States, as sovereign, is immune from all suits for money damages, including attorney's fees, unless it has expressly consented to be sued. *See Lane v. Pena*, 518

2

U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text."); *Herbert v. United States*, 438 F.3d 483, 487-88 (5th Cir. 2006); *see also Stone*, No. 3:07-CV-1632, Doc. 69, slip op. at 3; *Swopes*, 492 F. Supp. 2d at 655. Here, Texas Life cites no authority, makes no argument, and offers no evidence indicating that the Government has waived its immunity in this case.[1] Under these circumstances, the court finds that an award of attorney's fees to Texas Life is unwarranted. Accordingly, Texas Life's request for attorney's fees is DENIED.

SIGNED at Beaumont, Texas, this 14th day of March, 2011.

*[signature]*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Under the Equal Access to Justice Act ("EAJA"), the court may award attorney's fees and costs to a "prevailing party . . . in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412. Although not cited by Texas Life, the court notes that it is not eligible for an award of attorney's fees under the EAJA, as the position of the United States in this matter is substantially justified in view of the outstanding balance owed by McDorman. *See Swopes*, 492 F. Supp. 2d at 655.