# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 1:04-CR-60-001 |
| | § | |
| TEXAS LIFE INSURANCE CO. | § | |
|    Garnishee-Defendant and | § | |
| ROBERT L. MCDORMAN | § | |

## Report and Recommendation Re: Motion to Dissolve Writ of Continuing Garnishment

Pending is an unopposed "Motion to Dissolve Writ of Continuing Garnishment," filed May 25, 2011 to dispose of this case. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law on all "pretrial proceedings." Docket No. 69; see also 28 U.S.C. § 636; Local Rules, Appendix B, for the Assignment of Duties to United States magistrate judge.

## I. The Original Conviction and Sentence

Defendant entered into a plea agreement and was sentenced to 33 months imprisonment, 5 years supervised release, $100 special assessment, and $3,724,256.21 in restitution. Judgment was entered on August 20, 2004 for such sentence. On September 9, 2004, the judgment was amended ordering defendant to pay $3,374,256.21 in restitution. On January 8, 2009, the Fifth Circuit Court of Appeals affirmed the judgement of the district court.

## II. Garnishment Proceedings

On January 13, 2011, the United States filed a Motion for Application for Writ of Continuing Garnishment seeking garnishment of the property of the judgment-defendant, Robert L. McDorman. Specifically, the writ sought garnishment of two life insurance policies in the name of judgment-defendant held in possession of garnishee-defendant Texas Life Insurance Company. An order granting the motion for application for the writ was signed on January 14, 2011, and a Writ of Continuing Garnishment was filed on Texas Life Insurance Company on that same day.

Texas Life Insurance Company filed its Original Answer on February 18, 2011 averring that one policy held cash value while the other did not. On March 31, 2011, Texas Life Insurance Company filed a Motion for Interpleader to interplead the net cash value of the insurance policy in the amount of $9,817.10.

Quality Mat Company, however, filed a Motion to Intervene as a Plaintiff alleging that the life insurance policies at issue were assigned to it and are no longer owned by the judgment-defendant. Later, an Amended Petition in Intervention was filed attaching evidence of such assignment. Garnishee-Defendant, Texas Life Insurance Company, has not filed a pleading affirming or denying Quality Mat Company's allegations.

Consequently, the United States is in agreement with Quality Mat Company and is satisfied with the evidence submitted that the policies are now owned by same. As such, the United States moves to dissolve the writ of garnishment and return the proceeds held in the registry of the court to Texas Life Insurance Company, garnishee-defendant.

## III. Recommendations

1.   The court should dissolve the Writ of Continuing Garnishment; and

2.   The clerk should return the proceeds in the amount of $9,817.10 held in the registry of the court to Texas Life Insurance Company.

## IV. Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to de novo review by a district judge of proposed findings and recommendations, Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this __22__ day of June, 2011.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge